# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jennifer Lee Berkey, Patrick Berkey, and Jennifer Berkey as next friend of Gianna Berkey, Kasyn Berkey, Bradley Berkey, Gianna Berkey, minors, and Gianna Berkey, Kasyn Berkey, and Bradley, Berkey, in their own right,**
**Plaintiffs Below, Petitioners**

**FILED**

**April 8, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 15-0090** (Brooke County 11-C-33)

**Weirton Medical Center, Inc.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Jennifer Lee Berkey; Patrick Berkey; Jennifer Berkey as next friend of Gianna Berkey, Kasyn Berkey, and Bradley Berkey; and Gianna Berkey, Kasyn Berkey, and Bradley Berkey, in their own right, by counsel Ronald W. Zavolta and Jordan M. Laird, appeal the order of the Circuit Court of Brooke County, entered on January 2, 2015, granting Respondent Weirton Medical Center, Inc.'s motion for summary judgment in a medical malpractice case. Respondent appears by counsel Patrick S. Casey and Sandra M. Chapman.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners filed a complaint in the Circuit Court of Brooke County on March 22, 2011, asserting that nurses and nurses' aides employed by respondent deviated from the acceptable standard of care when Petitioner Jennifer Berkey experienced a post-surgery hemorrhage in January of 2009.[1] All events relevant to this case occurred around the time petitioner was sent to a hospital recovery room after giving birth to a daughter by caesarean section, at which time it was discovered that petitioner's uterus had ruptured. In the course of treatment for the hemorrhage, Petitioner Jennifer Berkey was flown to Magee Women's Hospital (at the University of Pittsburgh Medical Center, or "UPMC") where she underwent multiple surgeries. No information concerning petitioner's post-discharge prognosis or condition has been offered.

---

[1] Petitioners Jennifer Berkey and Patrick Berkey are a married couple residing in Jefferson County, Ohio. Petitioners Gianna, Kasyn, and Bradley Berkey are their minor children.

1

In the course of discovery, respondent named an expert nurse, but petitioners did not depose that expert. Petitioners disclosed fifty-four potential expert witnesses (most from among the staff of UPMC who treated petitioner after her life-flight), including Laura Hammond, R.N., the only disclosed expert who was deposed. In relevant portion, Ms. Hammond testified that she offered her opinions not to a reasonable degree of probability "from a medical standpoint" but rather "from a nursing standpoint." The circuit court granted respondent's motion for summary judgment on the ground that there was no evidence of a causal connection between nursing negligence and Petitioner Jennifer Berkey's injuries.

On appeal, petitioners assert three assignments of error. First, they argue that the circuit court erred in granting summary judgment because there were genuine issues of material fact. Second, they argue that the circuit court erred in "misapplying West Virginia Code § 55-7B-7, finding [that they] failed to provide an expert physician for a nursing medical negligence case." Third, they argue that "[t]he trial court erred by failing to consider that petitioners' expert nurse testified to causation in her discovery deposition in addition to petitioners' treating physician/respondent's expert physician testified to causation in his discovery deposition." These assignments of error address the circuit court's grant of summary judgment.

Our standard of review of motions for summary judgment is well-established: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). Furthermore, "[a] party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment." *Id*. at Syl. Pt. 6. Our review of such motions is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

We perceive that petitioners base their first assignment of error—that is, that a genuine issue of material fact should have thwarted the grant of summary judgment—entirely on the assertion that the circuit court wrongly found that respondent's nurses and nurses' aides did not cause Petitioner Jennifer Berkey's hemorrhage. The circuit court, however, made no such finding; it merely related that respondent argued the point. Rather, the circuit court's grant of summary judgment was based on petitioners' inexplicable failure to provide testimony of an expert witness regarding the standard of care, pursuant to West Virginia Code § 55-7B-7. We, thus, find no merit in petitioners' first assignment of error and turn to the second and third assignments of error, which question the circuit court's determinations with respect to the required expert testimony.

West Virginia Code § 55-7B-7(a) (2008)[2] provides in part that "the applicable standard of care and a defendant's failure to meet the standard of care, if at issue, shall be established in medical professional liability cases by the plaintiff by testimony of one or more knowledgeable, competent expert witnesses if required by the court." Petitioners appear to argue in their second assignment of error that the circuit court misinterpreted this subsection to require a physician to

---

[2] This statute was amended, effective March 10, 2015. The effective date post-dates the circuit court's summary judgment order.

offer expert testimony. The circuit court did no such thing. Instead, the circuit court plainly and aptly explained that it did not have to reach the issue of whether an expert physician's testimony was required because "[petitioners'] only expert testimony is a nurse who admits in her deposition *that she was not medically qualified to offer causation opinions*." (Emphasis added.) Inasmuch as petitioners' second assignment of error purports to attack a conclusion that the circuit court did not reach, the assignment of error is soundly rejected.

We turn, finally, to the single assignment of error that accurately recounts the circuit court's order and addresses an issue set forth therein. Here, petitioners argue that Ms. Hammond, as well as Petitioner Jennifer Berkey's treating physician, did, in fact, testify about causation. At the outset, we reject the assertion that the treating physician's testimony met the standard set forth in our statute. Petitioners' brief argument—in its entirety—is that the physician testified to a reasonable degree of medical certainty that Petitioner Jennifer Berkey's life-flight to UPMC and her additional surgeries "were a result of the hemorrhage (bleed), the post c-section complication, and reaching end-stage blood loss." This testimony falls woefully short of the evidence contemplated by West Virginia Code § 55-7B-7 to establish "the applicable standard of care and a defendant's failure to meet the standard of care." In a fashion similar to their assertion about the treating physician's testimony, petitioners conclusively assert that "Nurse Hammond . . . testified to a reasonable degree of nursing certainty that the deviations of the standard of care[3] caused [petitioner's] injuries and damages . . . [and] that the delay in the timely diagnosis of the bleed caused and/or increased her risk of harm of injuries and damages," then leave us to rifle through the appendix record on appeal in search of the meaningful testimony. (Footnote added.) However, upon our review of the evidence cited by petitioners, we are left with the same testimony that the circuit court found determinative: that Ms. Hammond herself testified that she was not qualified to offer an opinion about causation. We agree with the circuit court that petitioners offered no expert testimony to satisfy the statutory standard.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  April 8, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[3] At no point in petitioners' fourteen-page brief have petitioners set forth any witness's testimony establishing the standard of care, nor have they suggested in what way or ways respondent's employees may have deviated from it. The evidence set before us establishes the occurrence of a serious and life-threatening medical emergency. After thoroughly reviewing the evidence cited by petitioners, however, we perceive no error on the part of the nurses or aides who cared for Petitioner Jennifer Berkey.

3